﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200317-72136
DATE: January 29, 2021

REMANDED

Entitlement to a waiver of recovery of Department of Veterans Affairs compensation benefits in the amount of $23,039.38, to include the validity of the debt, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 2005 to November 2013.

In March 2020, the Veteran filed VA Form 10182, Notice of Disagreement (NOD), choosing to continue his appeal via Direct Review by a Veterans Law Judge under the Appeals Modernization Act (AMA). Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review.

Under AMA, remand is not permitted except for certain pre-decisional errors. 38 C.F.R. §§ 20.303, 20.802.

In December 2013, the Veteran was granted service connection for his disabilities. Attached to the Notification Letter was VA Form 21-8974 which states, in pertinent part, that compensation is subject to future adjustment, and that “benefits will be reduced upon incarceration in a Federal, State, or local penal institution in excess of 60 days for conviction of a felony.” The Veteran was instructed to immediately notify VA if there was a change in any condition affecting his right to continued payments. 

On September 18, 2017, the Veteran’s spouse applied for apportionment. She stated that the Veteran was in prison, and the continued receipt of his benefits was important. Additionally, on September 28, 2017, a Prison/Convict Information sheet was submitted that noted that the Veteran was convicted and incarcerated on July 24, 2017. 

In February 2018, VA informed the Veteran that it received information stating that the Veteran was sentenced and incarcerated on July 24, 2017. Based on his incarceration, VA proposed to reduce the Veteran’s compensation benefits to the 10 percent rate effective September 23, 2017, the 61st day of incarceration. In May 2018, VA effectuated the reduction. The reduction resulted in a $23,039.38 overpayment debt. 

In May 2019, the Veteran, through his spouse, requested a waiver and submitted a statement. She stated that she received the debt letter; however, she did not receive a letter explaining why the debt was created. In July 2019, the Committee on Waivers and Compromises (Committee) denied the waiver request.

The Board construes the Veteran’s spouse’s statement regarding not receiving a letter explaining why the debt was created as a challenged to the validity of the debt. Before the Board can address the waiver issue, the validity issues has to be resolved. 

The Board notes that a Veteran has the right to dispute the existence and amount of the debt. 38 C.F.R. § 1.911(c). In determining whether a waiver of overpayment is appropriate, VA must first determine if the overpayment at issue was validly created. See Schaper v. Derwinski, 1 Vet. App. 430, 434-35 (1991) (noting that before adjudicating a waiver application, the lawfulness of the overpayment must first be decided).

Under AMA, the Board may remand for correction of either a pre-decisional duty to assist error or “any other error by the AOJ in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant’s claim.” See 38 C.F.R. § 20.802. In Schaper, the Court of Appeals for Veterans Claims (Court) decided it was an error to fail to first adjudicate validity of debt based on the statutory and regulatory waiver consideration of “equity and good conscious.” See 1 Vet. App. at 437; see also 38 U.S.C. § 5302(b). As such, the Board considers it a correctible error by the AOJ in satisfying its regulatory and statutory duties under 38 U.S.C. § 5302(b) and 38 C.F.R. § 1.965 and that correction raises a reasonable possibility of aiding in substantiating the Veteran’s claim. Accordingly, the Board finds that a remand is necessary to correct this pre-decisional error.

The matters are REMANDED for the following action:

The AOJ must make an administrative decision regarding the validity of the debt in question. When determining the validity, the AOJ should consider the Veteran’s spouse’s September 18, 2017 statement and the September 28, 2017 Prison/Convict Information sheet. 

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Moore

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.